# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| HILLARY MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:08CV165 SNLJ |
| | ) | |
| BECKY LIZENBEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 182004), an inmate at Farmington Correctional Center ("FCC"), for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $28.26. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $141.32, and an average monthly balance of $48.47. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $28.26, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either

law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for alleged medical mistreatment. Named as defendants are the Missouri Department of Corrections, Correctional Medical Services ("CMS"), Becky Lizenbee (Nurse, CMS); Debbie Vinson (Director of Nursing, CMS); Glen Babich (Doctor, CMS); Stephanie Kasting (Nurse, CMS); J. Cofield (Regional Manager, CMS); E. Conley (Regional Medical Director, CMS); B. Hakala (Doctor, CMS); Mark Oswald (Correctional Officer, Southeast Correctional Center) and P. Phillips (occupation unknown).

Plaintiff alleges that after undergoing surgery to implant a pacemaker in August of 2006, he was given a set of guidelines to follow by his treating physician, Dr.

Balcer. Plaintiff asserts that Dr. Balcer told him to wear a shoulder immobilizer (sling) and a swathe to "keep his arm from raising fully while fully awake or as he slept." Plaintiff asserts that within four to five days after his surgery, when he reported to "medical," defendant Lizenbee asked him why his arm was in his shirt. When plaintiff failed to answer defendant Lizenbee, she indicated that she was going to "write plaintiff up." Plaintiff explained to defendant Oswald that he failed to answer defendant Lizenbee because he believed his health issues to be personal. Plaintiff asserts that defendant Oswald told him he "did the right thing," but when plaintiff tried to hand his paperwork into defendant Lizenbee, she refused to treat him at that time.

Plaintiff asserts that approximately twenty minutes later he was called back to medical. Plaintiff alleges that when he returned to medical, defendant Oswald and defendant Lizenbee gave him a directive to either remove the sling and swathe or be written up. Plaintiff states that he showed his after-care instructions to both defendants Oswald and Lizenbee, yet they still required him to comply with their directive. Plaintiff alleges that he then removed the sling and swathe, and after returning to his cell, he was forced to devise his own method to keep his arm immobile.

Plaintiff asserts that approximately one month after his surgery, he finally got an appointment with a doctor in the medical department, defendant Babich. Plaintiff asserts that defendant Babich provided him with a sling to keep his arm immobile but did not give him a swathe to keep his "arm stable." Plaintiff claims that defendant Babich told him that his chest area was swollen.

Plaintiff claims that defendants Oswald, Lizenbee, and Babich all failed to follow post-surgical instructions to let him wear a sling and swathe, in violation of the Eighth Amendment. Plaintiff additionally alleges that defendants Oswald and Lizenbee violated his "right to privacy" by "divulging his medical issues before other offenders and custody staff when there did not otherwise exist a legitimate safety and security reason to do so."

Plaintiff alleges that he filed grievances regarding his disagreement with his medical care with defendants Vinson, Kasting, Cofield, and Conley but that his grievances were denied. Plaintiff has failed to make any allegations of wrongdoing against defendants Hakala or Phillips.

Attached to plaintiff's complaint is the post-surgical instructions he believes to be at issue. Also attached are copies of plaintiff's grievances.

## Discussion

The complaint fails to state a claim against the Missouri Department of Corrections because an agency exercising state power is not a "person" subject to a suit under § 1983. E.g., Barket, Levy & Fine, Inc. V. St. Louis Thermal Energy Corp., 948 F.2d 1084, 1086 (8th Cir. 1991).

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits); George v. Smith, 507 F. 3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [Constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.") (citation omitted). In the instant action, plaintiff has not set forth any facts indicating that defendants Hakala, Phillips, Vinson, Kasting, Cofield, or Conley were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to these defendants.

Plaintiff's claim against defendants Oswald, Babich, and Lizenbee for deliberate indifference to his medical needs also fails. A prison official's deliberate indifference to a prisoner's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment. Alberson v. Norris, 458 F.3d 762, 765-66 (8th Cir. 2006). A prima facie case alleging deliberate indifference requires the inmate-plaintiff to demonstrate that he suffered from an objectively serious medical need and the "prison officials actually knew of but deliberately disregarded" that need. Id. Medical malpractice alone, however, is not actionable under the Eighth Amendment. Smith v. Clark, 458 F.3d 720, 724 (8th Cir. 2006). For a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). To state a claim against defendant CMS, plaintiff must allege that there was a policy, custom, or official action that caused an actionable injury. Sanders v. Sears Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993). Plaintiff has failed to demonstrate deliberate indifference because he has failed to show either that his condition was objectively serious or that defendants Lizenbee, Oswald, or Babich deliberately disregarded any need of which they were aware. That is, plaintiff's post-surgical instructions, which are incorporated by reference into the complaint, Fed. R.

Civ. P. 10(c), merely state that plaintiff needed to limit the movement of his arm on the side of the pacemaker or 2-3 weeks. This is not an objectively serious condition. And plaintiff does not allege that defendants required him to move his arm in excess of the post-surgical instructions. Further, plaintiff claims that defendant Babich provided plaintiff with a sling after observing that his chest was swollen. And plaintiff has not complained of any long-term or lasting injury as a result of his purported claims. Finally, plaintiff has not alleged that a policy or custom of CMS caused an actionable injury. As a result, plaintiff's claim for deliberate indifference to his medical needs fails to state a claim upon which relief can be granted.

"The constitutional right of privacy is not to be equated with the common law right recognized by state tort law. Thus far only the most intimate phases of personal life have been held to be constitutionally protected." McNally v. Pulitzer Pub. Co., 532 F.2d 69, 76 (8th Cir. 1976). "Applying this limited doctrine of constitutional privacy, the federal courts have generally rejected efforts by plaintiffs to constitutionalize tortious invasions of privacy involving less than the most intimate aspects of human affairs." Id. at 76-77. Plaintiff's allegations that Oswald and Lizenbee inquired as to why he had his arm inside of his shirt do not reach the "most intimate aspects of human affairs," especially as applied to prisoners. As a result, the complaint fails to state a claim under § 1983 for invasion of privacy.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $28.26 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this __17th__ Day of March, 2009.

                                                          /s/ Stephen N. Limbaugh, Jr.
                                                     STEPHEN N. LIMBAUGH, JR.
                                                     UNITED STATES DISTRICT JUDGE